UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CRIMINAL NO. 23-cr-20241

v.

                                      HON. SEAN F. COX

OCTAVIO IVAN LOPEZ JUAREZ, a/k/a/
OSCAR LOPEZ-JUAREZ, OSCAR
VELASCO-LOERA, OSCAR VELASCO
CAMPOS, ESTEBAN VELASCO-SERDA,
JOE ERIK DUANES,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Lopez Juarez, who is scheduled to be sentenced on August 9, 2023. For the reasons provided below, the government recommends a sentence of confinement of 7 months, the top of the applicable guideline range of 1 - 7 months (PSR, ¶ 61).

I.    PROCEDURAL BACKGROUND

1

Defendant was charged in a criminal complaint with Unlawful Re-Entry after Removal from the United States, in violation of Title 8, United States Code, Section 1326(a). On or about April 19, 2023, a one count Indictment charging Unlawful Re-Entry into the United States in violation of Title 8, United States Code, Section 1326(a) was filed. Defendant entered his guilty plea to the charge on May 10, 2023. There is no Rule 11 Plea Agreement in this matter. Defendant has been in the custody of the U.S. Marshal Service since April 3, 2023 (approximately 4 months).

II.     FACTUAL BACKGROUND

Defendant is a 40-year-old citizen and national of Mexico. He has no legal status in the United States. On April 3, 2023, Defendant was encountered by Customs and Border Protection Officers at the Detroit Ambassador Bridge. Defendant presented false identification in the name of Joe Erik Duanes. Defendant claimed he was traveling from California to New York and made a wrong turn at the bridge. Defendant fraudulently claimed he was a Lawful Permanent Resident of the United States. A search of his vehicle revealed fraudulent immigration forms and a Mexican passport in the name of Octavio Lopez Juarez. After questioning by agents, Defendant admitted to his lack of status in the United States, his prior criminal convictions, and his prior removals from the United States (PSR, ¶ 11). After confirming his identity and unlawful status, Defendant was charged with Unlawful

2

Reentry Following Removal from the United States.

Defendant's prior criminal history includes a 2000 conviction for Petty Theft and False ID to Peace Officer, Los Angeles, CA, for which he received a probation sentence (PSR, ¶ 27).   After violating his probation, he was sentenced to 30 days' custody. He was discharged from supervision on May 6, 2005 (PSR, ¶ 27). In March 2004, Defendant was convicted of Deported Alien in U.S. (felony) and was sentenced to 60 days' custody and 1-year supervised release. He was removed to Mexico on April 6, 2004 (PSR, ¶ 28).   In April 2005, Defendant was convicted in California of Driving Under the Influence and Driving Without a License.   He was sentenced to 3 years' probation. He failed to comply with the terms of his probation, and a warrant was issued for his arrest (PSR, ¶ 29). That warrant remains active.   In October 2007 Defendant was convicted of Driving Without a License and was sentenced to costs/fines. In July 2008, he pleaded guilty to Driving Under the Influence, a misdemeanor. He failed to appear for sentencing and a warrant was issued for his arrest. That warrant remains active (PSR, ¶ 31). In 2008, Defendant pleaded guilty to Driving Under Restraint, in Colorado, and was sentenced to 5 days' custody (PSR, ¶ 32).   In November 2008, Defendant pleaded guilty to Illegal Reentry following Felony Conviction and was sentenced to 10 months' custody and 3 years' supervised release (PSR, ¶ 33).   He was removed to Mexico on July 7,

3

2009. On April 23, 2015, Defendant pleaded guilty to Illegal Entry (§1325 Misd.) and was sentenced to 4 months' custody. He was removed to Mexico on July 27, 2015 (PSR, ¶ 34).

Beginning in March 2000, Defendant has been formally removed from the United States on at least 7 occasions (PSR, ¶ 37-43). The first removal occurred when he was just 17 years of age. Thereafter he was removed pursuant to an order of an Immigration Judge. During the immigration proceedings, Defendant used different names including Oscar Lopez-Juarez, Oscar Velasco-Loera, Oscar Velasco Campos, Esteban Velasco-Serda and Joe Erik Duanes. Most of his removals were from the State of California to Mexico. Including the various alias names used by Defendant, the immigration records reflect that he had at least 20 voluntary returns and 10 removals.

### III. SENTENCING CALCULATION

    A.    <u>Statutory Maximum Sentences</u>

    Count 1:   Unlawful Re-Entry into the United States, in violation of 8 U.S.C. §1326(a), not more than 10 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class C felony.

    <u>B. Sentencing Guidelines Calculations.</u>

Defendant's guidelines are as follows:

*Base Offense Level*

4

USSG §2L1.2, Illegal Re-Entry, Level is 8

Acceptance of Responsibility, USSG §3E1.1(b)  -2

Offense Level  6

*Criminal History Category*:

Illegal Entry 2015, San Diego, CA   2 points

The applicable guideline range is 1 - 7 months' imprisonment (PSR, ¶ 61)

IV.　GOVERNMENT'S RECOMMENDATION

The government recommends the Court impose a sentence of confinement of 7 months. Such a sentence would recognize the seriousness of Defendant's offense conduct, would take into consideration his past criminal conduct and immigration violations and would serve as a deterrent to future criminal activity.

V.　ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of 7 months appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Defendant's case, is reasonable.

<u>Nature and Circumstances of the Offense/History and Characteristics of Defendant</u>

5

The offense of Unlawful Reentry following Removal is classified as a felony offense, which indicates the serious nature of the crime. In Defendant's case, his statutory maximum sentence is increased to 10 years, based upon his prior felony conviction. This crime involves our national defense. It involves our national security. When aliens enter the United States unlawfully, U.S. Border Protection Agents are unable to verify their backgrounds and criminal history. This puts United States citizens at danger. Each year many individuals from Mexico unlawfully enter the United States by crossing international borders and/or paying smugglers to bring them unlawfully into this country. Both of these unlawful methods of illegal entry into the United States present their own dangers. Last year challenges at the southern border deepened with a record number of aliens being apprehended as they fled rising violence and poor economic conditions in their native countries. Apprehensions at the southern U.S. border surpassed 2.3 million last year. It has overwhelmed law enforcement at the border and the immigration courts, which now have a backlog of almost 2 million cases- the most in history. (See https://www.cfr.org/article/ten-graphics-explain-us-struggle-migrant-flows). The challenges are certainly not all attributable to Defendant, however, his conduct adds to the dire situation which exits.

Defendant's background and character also warrants the imposition of a sentence of 7 months. Defendant has used multiple alias names while in the United States. Undoubtedly to thwart the efforts of immigration officials in detecting him and deporting him, and to gain employment while unlawfully present in this country. A full list of the alias names he has used is in the PSR (Page 2). Only some of the names are variations of his true name, others are totally different. He also uses multiple dates of birth and state identification numbers (PSR, page 3).

At the time of his arrest, Defendant was in possession of multiple forms of identification which were false and fraudulent. He had a Mexican driver's license in the name of "Joe Erik Duanes"; a Mexican Voting card in the name of "Joe Erik Duanes"; two fraudulent permanent resident cards in the name of "Joe Erik Duanes"; a fraudulent permanent card in the name of "Octavio Ivan Lopez Juarez" and three fraudulent social security cards in the names of "Octavio Ivan Lopez Juarez", "Joe Erik Duanes" and "Joe E Duenes".

Defendant has multiple removals from the United States. He has treated the border like a revolving door-sometimes re-entering within days following a removal. Clearly, he has demonstrated a lack of respect for our immigration laws. In addition, his numerous criminal law violations, including traffic offenses, indicates that he has no respect for the criminal laws which govern behavior in the United

7

States. His continued practice of driving, while unlicensed and uninsured, puts all drivers at risk and presents a danger to the community.

Defendant admittedly had a childhood free of criminal conduct, mental health issues, substance abuse and other family issues (PSR, ¶ 49). His basic needs were met. He was in a long-term personal relationship and has a daughter who resides in Colorado (PSR, ¶ 50). Defendant denies any medical conditions or history of mental or emotional health issues (PSR, ¶ 53). Defendant also denies substance abuse issues, although admittedly is a regular marijuana user (PSR, ¶ 54). Defendant was employed prior to his arrest, selling produce from a truck. Despite his presence in the United States over a number of years, there is no indication that he has undertaken any steps to obtain lawful status.

> <u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

Defendant has repeatedly violated the laws pertaining to our borders and the laws that govern citizens in the United States. Prior sentences imposed for his immigration law crimes, have not deterred him from again re-entering the United States without the proper authority. Defendant was sentenced to 10 months' custody for his §1326 conviction in 2008 by the District Court in Denver, Colorado. Subsequently, in 2015, he was sentenced to 4 months for an Illegal Entry conviction

8

in San Diego, CA. Neither conviction nor sentence had any impact on Defendant. A sentence in this matter to afford adequate deterrence is necessary.

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement of 7 months is warranted.

A sentence of time-served, approximately 4 months, would not be sufficient to reflect the seriousness of the offense and deter Defendant from again entering the United States without permission. His most recent sentence imposed of that duration was not sufficient to deter him from entering the United States.

## VI. CONCLUSION

The Probation Officer has not identified any factors to warrant a departure from the applicable sentencing guideline range (PSR, ¶ 74). Likewise, the government has not identified any reason to depart. A sentence of 7 months, the top of the guidelines range as determined by the U.S. Probation Department in accordance with the applicable sentencing guidelines, should be imposed.

                          Respectfully submitted,

                          DAWN N. ISON
                          United States Attorney

s/Susan E. Fairchild (P41908)<br>
Assistant United States Attorney<br>
211 W. Fort St., Suite 2001<br>
Detroit, Michigan 48226<br>
(313) 226-9577<br>
E-mail: susan.fairchild@usdoj.gov

Dated: July 12, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Thomasine Jefferson, Attorney for Defendant

s/Susan E. Fairchild P41908<br>
Assistant United States Attorney<br>
211 W. Fort Street, Suite 2001<br>
Detroit, MI   48226<br>
Phone: (313) 226-9577<br>
E-mail: susan.fairchild@usdoj.gov

10